# CSM Legal, P.C.
### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510　　　　　　　　　　　　　　　Telephone: (212) 317-1200
New York, New York 10165　　　　　　　　　　　　　　　　　Facsimile: (212) 317-1620

October 28, 2022

**BY ECF**

Honorable Judge Paul G. Gardephe
United States District Judge
United States District Court
40 Foley Square
New York, NY 10007

MEMO ENDORSED

The parties' settlement agreement is approved by the Court.

SO ORDERED:

/s/ Paul G. Gardephe
Paul G. Gardephe, U.S.D.J.
Dated: Nov. 7, 2022

<u>Serrano et al v. One More Thai Corp. Et al</u>
21-cv-4973

Your Honor:

　　　This office represents Juan Carlos Serrano, Macedonio Felix, and Primitivo Felix in the above referenced matter. Plaintiffs write jointly with Defendants to respectfully request that, pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), the Court approve the parties' negotiated settlement ("Agreement"), attached hereto as Exhibit A, and dismiss the case with prejudice.

　　　The terms of the Agreement provide that, in exchange for Plaintiffs discontinuing this litigation and executing a release of their wage and hour claims in favor of Defendants, Defendants shall pay the total gross amount of forty thousand ($40,000.00) (the "Settlement Amount"), as described in the Agreement. The Agreement was reached after to a mediation with mediator Joseph Saltarelli and several months of arms-length negotiation.

### Background

　　　Plaintiffs filed this Complaint against Defendants alleging claims for unpaid minimum and overtime wages, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, spread of hours pursuant to the Hospitality Industry Wage Order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the Hospitality Wage Order), and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

　　　Plaintiffs allege that they are three former employees of the Defendants, who operate a Thai restaurant located on the lower east side of Manhattan. They worked for Defendants from 2020 through 2021. During their employment with Defendants, they were each paid at flat weekly rates. Plaintiffs further aver that they were not paid the applicable overtime rates, and

that Defendants did not adhere to New York notice and recordkeeping requirements. Defendants deny many of these allegations.

1. **Settlement Terms**

Were they to prevail on every issue of fact, Plaintiffs estimate that they would together be entitled to $143,942.06 in back wages.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. Sita Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

This settlement is also reasonable due to the many risks associated with litigating this matter, including that the individual Defendants were not Plaintiffs' employers and most pertinently the financial situation of the corporate Defendant. The corporate Defendant avers that the subject restaurant, while open, is behind on rent and utility, and that the corporate Defendant further has multiple debts of which it has offered written proof. Plaintiffs are satisfied that the Agreement represents a fair compromise given these substantial risks of not collecting in the event of a judgment.

Considering the foregoing risks in this case, Plaintiffs believe that this settlement is an excellent result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

2. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with the Plaintiffs, Plaintiff's counsel will receive $13,200.00 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation, as well as a reduction in fees from what is identified in Plaintiff's retainer agreement, which provides that forty percent of Plaintiffs' recovery will be retained by the firm.

Plaintiff's counsel's total fees and costs in this case are $6,219.50. A copy of Plaintiff's billing record is attached as "Exhibit B." The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this

Case 1:21-cv-04973-PGG-SN   Document 48   Filed 11/07/22   Page 3 of 3
Case 1:21-cv-04973-PGG-SN   Document 46   Filed 10/28/22   Page 3 of 3

Page 3

one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); *see also Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Additionally, Plaintiffs have agreed to the fee provided for in the Agreement.

A brief biography of each Plaintiffs' attorney who performed billed work in this matter is as follows:

     i.     Clela A. Errington is an associate at CSM Legal, P.C. She is a 2012 graduate of New York University School of Law. She began her career at Eisner & Mirer, P.C. (now Eisner, Dictor & LaMadrid), specializing in labor law, followed by several years providing litigation support to large law firms including Cravath Swaine & Moore, LLP. She returned to active litigation practice in 2019, joining the Jones Law Firm, P.C., specializing in workers' and debtors' rights, followed by Michael Faillace & Associates in 2020 and CSM Legal, P.C. in 2021, practicing exclusively plaintiff-side wage and hour law. Her work is billed at the rate of $350 per hour and indicated by the initials "CE."

Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

          Respectfully submitted,

          /s/_____
          Clela Errington
          CSM LEGAL, P.C.
          Attorneys for the Plaintiff

Enclosures